# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CHRISTOPHER EVERETT,                                                                           PLAINTIFF

v.                                          3:20CV00259-DPM-JTK

MOSES JACKSON, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

**I.   Introduction**

Plaintiff Christopher Everett ("Plaintiff"), was incarcerated at the North Central Unit of the Arkansas Division of Correction ("ADC") when he filed this pro se action pursuant to 42 U.S.C. § 1983 on August 31, 2020. (Doc. No. 2). Plaintiff was then released from the ADC on or around July 12, 2021. (Doc. No. 40). Plaintiff's failure to protect claims against Defendants Foster, Rivera, and Porter[1] ("Defendants") remain pending. (Doc. Nos. 32, 33).

On November 3, 2021 Defendants filed a Motion for Sanctions asking that Plaintiff's Amended Complaint be dismissed for Plaintiff's failure to appear at his deposition. (Doc. No. 56). As Plaintiff had not responded, on November 22, 2021, the Court directed Plaintiff to file any response within 15 days. (Doc. No. 57). The Court advised Plaintiff that his failure to respond could result in the Court recommending Plaintiff's claims against Defendants be dismissed without the Court having considered any fact or argument Plaintiff wishes to present. (Id.) Plaintiff has not responded to Defendants' Motion and the time for doing so has passed. Further, mail from the Court to Plaintiff at his address of record has been returned as undeliverable.

---

[1] The Clerk of the Court is directed to change the names of Defendants Foster, Revera, and Portor to Dusten Foster, Paul Rivera, and Ethan Porter. (Doc. No. 26).

(Doc. No. 58). Considering Plaintiff's failure to appear at his deposition, lack of response to Defendants' Motion, and failure to update his address, the Court recommends Defendants' Motion for Sanctions be granted and Plaintiff's claims be dismissed without prejudice.

## II.    Discussion

Defendants deposed Plaintiff earlier in this action. When Defendants first took Plaintiff's deposition on May 6, 2021, Plaintiff testified that he suffered from memory loss and did not remember the events of June 21, 2020, the date of the incident from which this case arises. (Doc. No. 56 at 1). Defendants then filed a Motion for Summary Judgment. (Doc. No. 42). In Response to Defendants' Motion for Summary Judgment, Plaintiff said that upon release from prison he stopped taking his mental health medications and regained his memory of the incident. (Doc. Nos. 45-46). The Court denied Defendants' Motion for Summary Judgment without prejudice and gave Defendants the opportunity to depose Plaintiff again if they wished to do so. (Doc. No. 53 at 1). The Court granted Defendants' request to reopen discovery. (Doc. No. 55). When Plaintiff did not appear for his newly-noticed deposition, Defendants filed their Motion for Sanctions.

A district court may dismiss an action under Federal Rule of Civil Procedure 37(d) when a party fails to appear for deposition. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). "No motion to compel is required before dismissal under Rule 37(d)." Id. Further, "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . against it." FED. R. CIV. P. 41(b).

Here, Defendants scheduled Plaintiff's deposition for October 28, 2021. (Doc. No. 56-1). The letter and notice to Plaintiff were sent first class mail, postage prepaid, and the letter was not returned as undeliverable. (Doc. No. 56 at ¶ 2). Plaintiff failed to appear at his deposition, and he did not contact counsel to reschedule his deposition. (Doc. No. 56 at ¶ 3; Doc. No. 56-2).

Plaintiff did not respond to Defendants' Motion for Sanctions. The Court directed Plaintiff to respond to Defendants' Motion within fifteen days, if he wished to file a response. (Doc. No. 57). It appears Plaintiff changed his address before the Court's Order reached him, as the letter containing the Order was returned as undeliverable. The Court notes that shortly after Plaintiff filed suit, he was advised of his duty to promptly notify the Clerk and other parties of any change in address. (Doc. No. 3). Plaintiff's failure to appear for his deposition, failure to communicate with counsel regarding rescheduling the deposition, failure to respond to Defendants' Motion, and failure to update his address are cause for dismissal. Accordingly, Defendants' Motion for Sanctions should be granted and Plaintiff's Amended Complaint should be dismissed—without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motion for Sanctions (Doc. No. 56) be GRANTED.

2. Plaintiff's Complaint, as amended (Doc. No. 7) be DISMISSED without prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of December, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE